UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARLE STEINBERG,                                  Case No. 09-11836

        Plaintiff,                                 HONORABLE SEAN F. COX
                                                    United States District Judge
v.

CHARLES YOUNG, et al.,

        Defendants.
_____/

### ORDER DENYING WITHOUT PREJUDICE JPMORGAN CHASE BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. No. 61]

Plaintiff Earl Steinberg ("Steinberg") filed this breach of contract and fraudulent transfer action against Defendants Charles Young, Jr. ("Young"), and numerous business entities owned in whole or in part by Young ("the Young Entities"), in the Oakland County, Michigan Circuit Court on April 7, 2009. Defendant JPMorgan Chase Bank, N.A. ("the Bank") was allowed to intervene in the state Court proceedings on April 29, 2009, and on May 13, 2009, the Bank removed this action. [Doc. No. 1].

On September 11, 2009, the Bank filed their instant motion for partial summary judgment [Doc. No. 61]. The Court declines to hear oral argument pursuant to Local Rule 7.1(e)(2), and for the reasons below, **DENIES** the Bank's motion [Doc. No. 61] **WITHOUT PREJUDICE**.

In their motion, the Bank argues that they are a secured creditor of the Young Entities, and are entitled to first priority to any and all assets of those entities before unsecured creditors - i.e., Steinberg in the instant case - may levy upon the assets of the Young Entities. [Def.'s Br., Doc. No. 61, pp.4-5]. Relying primarily upon two affidavits signed by Young, in which Young

1

states that the Young Entities' assets are likely insufficient to satisfy the Bank's security interest [*See* May 21, 2009 & September 9, 2009 Affidavits, Def.'s Exs. F, G, Doc. No. 61], the Bank argues that their security interest is undersecured. [Def.'s Br., Doc. No. 61, p.6]. As such, the Bank requests partial summary judgment on its behalf.

As Steinberg argues in his opposition to the Bank's motion, however, discovery in this case is ongoing, with a discovery cutoff not scheduled until February of 2010. The Sixth Circuit has repeatedly looked with disfavor upon district courts granting summary judgment before the parties have had an opportunity to discover facts sufficient to support their allegations. *See, e.g.*, *Bushway v. BOP*, 1999 WL 1021584, *3 (6th Cir. Nov. 2, 1999)("Summary judgment should not ordinarily be granted before discovery is completed."); *Davis v. Runyon*, 1998 WL 96558, *2 (6th Cir. Feb. 23, 1998)("Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."); *Plott v. GMC, Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995)("Parties who suffer an adverse summary judgment may base their appeals on the lack of opportunity to discover evidence necessary to establish a genuine issue of material fact."). In the instant case, Steinberg argues that the Bank, and the Young Entities themselves, have only recently responded to his initial discovery requests, and that more discovery will be necessary for Steinberg to support his allegations. [Pl.'s Br., Doc. No. 67, p.13].

In light of the absence of objective evidence by which to value the assets of the Young Entities at this stage in the litigation, and taking into consideration the fact that discovery is not set to close in this case for approximately three months, the Court holds that the Bank's instant motion for summary judgment is premature. As such, the Court **DENIES WITHOUT**

**PREJUDICE** the Bank's motion for partial summary judgment [Doc. No. 61]. The Bank is free to renew their motion after the close of discovery in this matter should it so desire.

    **IT IS SO ORDERED**.

                        s/Sean F. Cox
                        Sean F. Cox
                        United States District Judge

Dated: November 18, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 18, 2009, by electronic and/or ordinary mail.

                        s/Jennifer Hernandez
                        Case Manager